**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

```
------------------------------------------------------------ )
                                                             )
YVES SAINT LAURENT, S.A.S., and                              )
GUCCI AMERICA, INC.                                          )
                                                             )       Civil Action No. 25-cv-4660(DLC)
                Plaintiffs,                                  )
       v.                                                    )       CONSENT JUDGMENT AND
                                                             )       PERMANENT INJUNCTION
                                                             )
IN THE KNOW HOLDING COMPANY, LLC        )
                                                             )
                Defendant.                                   )
------------------------------------------------------------ )
```

**WHEREAS**, this action was commenced on June 4, 2025 by the filing of the Summons and Complaint;

**WHEREAS**, in the Complaint, Plaintiffs Yves Saint Laurent, S.A.S. ("YSL") and Gucci America, Inc. ("GUCCI") (collectively, "Plaintiffs") seek injunctive relief and monetary damages against defendant In The Know Holding Company LLC ("Defendant") for Trademark Counterfeiting and Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114, and the Common Law of the State of New York, and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125, and for substantial and related claims under the statutory and common laws of the State of New York.

**WHEREAS**, the Parties hereby stipulate and consent to the entry of this Consent Judgment and Permanent Injunction, and to each and every provision, ordered, and decreed herein.

**NOW THEREFORE**, upon consent of the parties hereto, it is **HEREBY ORDERED, ADJUDGED, AND DECREED**:

Case 1:25-cv-04660-DLC   Document 29   Filed 01/05/26   Page 2 of 5

1.  This Court has jurisdiction over the subject matter of this case and jurisdiction over the Parties.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff YSL is the owner of the following U.S. federal registrations and the trademarks identified in those registrations, all of which are famous, valid, subsisting, and un-cancelled:

| | |
|---|---|
| YSL | Registration No. 0766417 |
| YVES SAINT LAURENT | Registration No. 0767211 |
| YVES SAINT LAURENT | Registration No. 0851445 |
| YVES SAINT LAURENT | Registration No. 0901660 |
| YSL (Stylized) | Registration No. 1208578 |
| YVESSAINTLAURENT RIVE GAUCHE (Stylized) | Registration No. 1680439 |
| YVES SAINT LAURENT | Registration No. 1712998 |
| YSL | Registration No. 1712999 |
| YVESSAINTLAURENT (Stylized) | Registration No. 1745483 |
| SAINT LAURENT | Registration No. 5266193 |
| SAINT LAURENT | Registration No. 5839877 |
| SAINT LAURENT PARIS | Registration No. 5195857 |

4.  Plaintiff GUCCI is the owner of the entire right, title and interest in the following U.S. federal registrations and the trademarks identified in those registrations:

| | |
|---|---|
| GUCCI | Registration No. 4563132 |
| GG (Design) | Registration No. 5073022 |

Case 1:25-cv-04660-DLC    Document 29    Filed 01/05/26    Page 3 of 5

GUCCI (Stylized)                                   Registration No. 6073427

                               Registration No. 6521111

5.    Plaintiffs have used the above marks, as set forth in paragraphs 3 and 4 above ("Plaintiffs Marks") continuously in commerce in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of goods including clothing, handbags and other fashion and accessories items.

6.    As a result of their widespread, continuous, and exclusive use of Plaintiffs' Marks to identify their goods/services and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the Plaintiffs' Marks.

7.    In this lawsuit, Plaintiff alleges that without Plaintiffs' authorization, Defendant adopted and began using spurious, counterfeit versions of Plaintiffs' Marks in U.S. commerce.

8.    Defendant, together with any of Defendant's parents, subsidiaries, officers, managing members, owners, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, will not directly or indirectly manufacture, distribute, provide, sell, market, advertise, promote, or authorize any third-party to manufacture, distribute/provide, sell, market, advertise, or promote goods or services bearing the Plaintiffs Marks;

9.    Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

By: _____

Print: David Warren
      _____

Date: 12/19/2025
      _____


Respectfully submitted,

_____
Jeffrey A. Lindenbaum (JL-1971)
Practus, LLP
Jeffrey.Lindenbaum@practus.com
Attorney for Plaintiffs

Dated: _January 5, 2026_____


Respectfully submitted,

_____
Jeffrey Dweck
The Law Firm Of Jeffrey S. Dweck, P.C.
jeffrey@dweckny.com
Attorney for Defendant

Dated: __January 5, 2026_____

10.    This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiffs' claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11.    This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, parents, and subsidiaries, and each party's officers, owners, managing members, directors, and affiliates.

12.    The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

13.    The Permanent Injunction shall remain in full force and effect unless and until modified by order of this court.

**IT IS SO ORDERED.**

Dated this ____ day of _____, 2026

BY THE COURT:

_____
United States District Judge

**CONSENTED TO:**

For **Plaintiff Yves Saint Laurent, S.A.S.**

For the Defendant **In The Know Holding Company LLC**

By: _____

By: _____

Print: Aude De Margerie

Print: Richard Beyda

Date: 19/12/2025

Date: Dec 18 2025

For **Plaintiff Gucci America, Inc.**

4